[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a personal injury action brought by the plaintiff who seeks compensation for injuries received when she walked across CT Page 1021 Route 7 in New Milford and was struck by a van owned by the defendant, Yankee Linen Supply, and operated by the defendant, Anthony Martino. The plaintiff has also asserted a cause of action against Ye Olde Rest Home, the nursing home in which the plaintiff then resided. At a pre-trial conference prior to the beginning of jury selection on March 17, 1999, the defendants made an offer of settlement which was accepted. On that date, the court provided counsel written notice the case would be dismissed without further notice if it were within sixty (60) days, not disposed of by way of withdrawal, stipulation, or other means.
Thereafter, the plaintiff withdrew her consent to settle and, by letter dated October 5, 1999, plaintiff's counsel advised defense counsel a competency hearing had been scheduled before DiPentima, J. on October 15, 1999, at which hearing their presence was welcomed but not required. No competency hearing in fact occurred. Instead, on that date, this court was requested to canvass the plaintiff and this court proceeded to do that. Though counsel for the plaintiff did in fact refer to a "settlement agreement" in court, this court believed the sole purpose of the proceeding was to determine whether the plaintiff wished to accept or reject the offer and to advise the plaintiff a rejection of the offer could be to risk no recovery after trial in view of the difficult liability situation presented. Following a lengthy canvass and having afforded the plaintiff's adult son an opportunity to question the court, the plaintiff made clear that she understood her refusal to settle for the proposed sum meant a withdrawal of any offer to pay and the potential of a defendants' verdict at trial.
The defendants then filed motions to enforce the settlement agreement to which the plaintiff has objected. At a hearing before this court on January 24, 2000, however, plaintiff's counsel conceded there had in fact been an earlier, oral acceptance of this offer to settle following his consultation with the plaintiff and her consent to settle. Thus, what had been a mere settlement offer became an agreement by the parties to resolve the case without a trial and for an agreed upon sum. Further, plaintiff's counsel conceded there was no evidence to suggest his client was not competent to consent to settle despite counsel's representation on October 15, 1999, his client sometimes appeared "confused."
Thus, there is no basis upon which this court can conclude the settlement agreement was not truly bargained. The plaintiff was CT Page 1022 to receive a certain sum to avoid the risks of trial. It was that clear and unambiguous agreement that was the basis for her counsel having informed the court the case would not be tried and would be withdrawn. "In determining whether to enforce a settlement agreement, the intention of the parties is controlling and is the key consideration." DAP Financial Management, Inc. v.Mor-Fan Electric, Inc., et al., 1998 WL 638450 (Conn.Super. 1998), citing Pascarella v. Bruch, 190 N.J. Super. 118,462 A.2d 186 (App. Dir. 1983). The agreement was unambiguous. Each party knew to what they were agreeing and each understood, if agreement were reached, there would be no trial and no risk to either of an unfavorable verdict. The fact the plaintiff later regretted having agreed to the settlement does not render that agreement unenforceable so long as the settlement is unambiguous and the intent of the parties at the time of the agreement is clear.
A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. Audubon Parking AssociatedLtd. Partnership v. Barclay Stubbs, Inc., 225 Conn. 804, 811
(1993). An agreement to settle a lawsuit is binding upon the parties. Thompson v. Aqua Massage International, Inc., 1997 WL 375180 (Conn.Super. 1997); Zauner v. Brewer, 7 CSCR 1034, at 1034 (Conn.Super. 1992). The fact the agreement here was an oral one does not make it less binding a contract. Once reached, the agreement cannot be repuchated by either party. Id. A settlement agreement is binding upon the parties even if one party to the agreement subsequently changes her mind and seeks to rescind or repudiate said agreement. Id. Thus, the fact the plaintiff has had a change of heart — no doubt because of the very strong feelings of her son upon whom she now relies — provides no impetus for the court to rescind the agreement. Such agreements are encouraged because they promote peace, preserve judicial resources, and effectuate the parties' intent.
Since the parties do not dispute the agreement and since there is no discord with regard to the terms of the same, the plaintiff no longer has a right to a jury trial.
The defendants' motion to enforce the settlement agreement is therefore granted and judgment for the plaintiff shall enter in the amount of seventy-four thousand dollars ($74,000.00).
Sheedy, J. CT Page 1023